The Vice-Chancellor.
The defendant was arrested on a ne exeat issued upon a judgment creditor’s bill, and a motion is now made to discharge the writ, on the ground that it was irregular to issue it in such a suit. It is insisted, that this is a legal demand, and that in such cases the court of chancery, by-analogy to the process of the courts of law on similar demands, does not require equitable bail of a defendant, since the act of 1831, abolishing imprisonment for debt. That act confessedly, has no direct application to writs of ne exeat. Hence the whole point of the argument turns upon the character of the demand made by the bill; is it legal or equitable ?
It would seem that the resort to this court for a remedy which cannot be obtained at law, settles this question. It is true, that a judgment is a legal demand, and an execution is a legal process. But an execution at law cannot reach equitable interests and things in action ; and when the creditor who has exhausted his remedy at law, comes here to reach that species of property, he makes an equitable claim or demand against the defendant. The circumstance that the latter has such property, which he will not apply to the discharge of the debt, makes the debt when enforced here, an equitable demand. Precisely the same as it is when the debtor, having movables subject to execution at law, obstructs the execution by a fraudulent assignment or sale, and he creditor files his bill alleging the fraud, and seeking to re *368 move the obstruction. Without pursuing the argument, it suffices to refer to Brown v. Haff, 5 Paige, 235, and Nicoll’s Beames’ Ne Exeat, 68, n. a. The views of Vice-Chancellor Whittlesey, in Gleason v. Bisby, (1 Clarke, 551,) do not at all conflict with the use of the writ in judgment creditors’ suits. He thinks it ought not to be allowed, except where the performance of the decree sought by the bill can be enforced against the defendant’s person. Now in this suit, if it shall eventually appear, that the defendant has equitable interests or things in action, which he ought to apply to the payment of the complainant’s judgment, the court will decree him to apply the same accordingly, and can unquestionably enforce against his person a compliance with such decree. The motion for an absolute discharge of the ne exeat must therefore be denied.
The discharge of the party on giving the proper bond, is a matter of strict right, and the defendant is entitled to it without regard to his alleged contempt.
2. The motion for an attachment. The papers show a clear case for granting this application. The circumstances stated by Mr. Maurice, furnish no legal or sufficient excuse for not attending before the master. I accord my sincere sympathy for the defendant, in respect of the many and harassing obstacles which he encountered before his departure, but they do not affect my judgment upon this motion.
3. The motion to open the default for not answering, would be granted upon terms, but for the contempt for which the attachment is ordered. His application is made to the favor of the court, and he cannot be heard until his contempt be purged. (Gilbert For. Rom. 102; 1 Daniell’s Ch. R. 655; Johnson v. Pinney, 1 Paige, 646.)
The default might be opened, on the defendant’s attending before the master, complying with the order for receiver, and paying the costs occasioned by his disregard of the order and summons, with the costs of the default and of these motions; but his departure to the Pacific Ocean having rendered these terms impracticable, the motion to vacate the order, taking the bill as confessed, must be denied.