LUCKETT, Respondent, v. WILLIAMSON, Appellant.

1. An agreement to convey land by deed of general warranty amounts to an engagement that the party so agreeing has or will have an indefeasible title; the vendor in such case must be able to convey such a title, otherwise he can not maintain an action for the specific performance of the contract.

2. The courts will not, it seems, compel a purchaser to take a title, where the point on which it depends is too doubtful to be settled without litigation, or where the purchase would expose him to the hazard of such proceedings.

3. Where the vendor has not substantially the whole interest he has contracted to sell, he can not enforce the contract against the purchaser, and yet the purchaser can insist on having all the vendor can convey, with compensation for the difference.

*Appeal from St. Charles Circuit Court.*

Henry F. Luckett, plaintiff in this suit, sold to the defendant Williamson a tract of land for $7,500, of which $2,500 was paid in cash and the remainder in two equal annual instalments. The only writing executed at the time of the making of the agreement was the following: " Received of A. C. Williamson, the sum of five hundred dollars, being in part pay of my farm, which I have this day sold him, for the sum of seven thousand five hundred dollars; and I agree and bind myself to give him possession of the house and

premises on the first day of October, upon his paying me the further sum of two thousand dollars cash, and two negotiable notes for twenty-five hundred dollars each, at one and two years from date, with interest at the rate of six per cent. per annum from their date until paid; at which time (viz., the first of October next,) I am to execute said Williamson a general warranty deed to said premises, reserving a lien upon said premises for the payment upon the two notes above specified. St. Charles, Mo., August 31, 1857. [Signed] H. F. Luckett."

The petition set out the terms of the contract, alleging that plaintiff agreed to execute a general warranty deed so soon as a survey of the land could be made; that defendant was thereupon to give his promissory notes for the deferred payments, with a deed of trust on the land securing them; that plaintiff had delivered possession to defendant, and had tendered a deed according to the terms of the contract, and demanded the notes, &c., but defendant refused to receive the deed or to execute the notes or otherwise fulfil the contract. Plaintiff again tendered the deed and asked judgment for the instalment of the purchase money due and for specific performance as to the residue.

The answer set up the statute of frauds. It denied the terms of the contract as stated, alleging that plaintiff had agreed to convey an absolute, perfect, indisputable and indefeasible title, the tract to contain one hundred and sixty acres, whereof not more than twenty-seven acres were within the banks of a lake; that plaintiff's title was imperfect as to part of the land; that more than forty-four acres were within the banks of the lake; that he had deceived defendant by his representations about his title, &c., and had thus fraudulently induced him to make the cash payment alleged. Defendant admitted the undisturbed possession of the land and the tender of a deed, but denied that the latter was in accordance with the contract, for the reason that it would not have conveyed to defendant the perfect title bargained for, and the quantity of land represented to be outside the lake;

that the land consisted of six parcels, the titles to only two of which were in the plaintiff, the titles to the other portions being outstanding in other parties; that defendant had put up valuable improvements on the land. Defendant asked that plaintiff be compelled to repay the money advanced, and to pay for said improvements, &c.

Oral testimony was introduced on both sides to show the conversation that passed between the parties at the time of the sale. The title to a part of the land appeared to be outstanding in the heirs of one Whitley, deceased, a suit for the recovery of which was then pending. The cause was tried by the court without a jury. The court found the issues for the plaintiff, and rendered a decree granting the relief prayed in the petition.

*Whittelsey*, for appellant. (No brief on file.)

*E. A. Lewis*, for respondent.

I. The defence of the statute of frauds could not avail in this case. Possession was delivered and payment of part of the purchase money made. (2 Mo. 109; Charpiot v. Sigerson, 25 Mo. 63; Young v. Montgomery, 28 Mo. 604.) The liability of plaintiff on the contract could not be enlarged by parol testimony. (1 Mo. 640; 5 Mo. 101; Singleton v. Fox, 7 Mo. 515; Woodward v. McGaugh, 8 Mo. 161; Montany v. Rock, 10 Mo. 506; Jones v. Jeffries, 17 Mo. 577.) Equity would treat the parties as if the deed had been executed, and the notes given according to the contract. (Sto. Eq. § 64; Atwood v. Vincent, 17 Conn. 575.) Defendant could not set up failure in the title conveyed by plaintiff without an actual eviction. (Shelton v. Pease, 10 Mo. 473; Greenly v. Wilcocks, 2 Johns. 1; Brown v. Smith, 5 How. 387; Coleman v. Rowe, 5 How. 460; Abbot v. Allen, 2 Johns. Ch. 520; Kent v. Welch, 7 Johns. 258; Vanderkarr v. Vanderkarr, 11 Johns. 122; Patton v. England, 15 Ala. 69; Clark v. Snelling, 1 Carter, 382; Streeter v. Henley, 1 Carter, 401.)

SCOTT, Judge, delivered the opinion of the court.

The idea of the court below was that a tender of a deed with warranty was sufficient to entitle the plaintiff to a specific performance, without showing that he had any title to the land he had agreed to convey. This notion is not warranted, and the plaintiff, in his petition, does not show that he is entitled to a specific performance of the contract set out. He can not have his contract specifically enforced, without showing that he has a good title to the land he has bargained to sell. He conceives that, because the defendant went into the possession of the premises and has not been evicted, he can not therefore claim any reduction of the stipulated price on account of a failure of title to a portion of the land agreed to be sold, but is remitted to his remedy on the covenants contained in the deed tendered to him, and which was stipulated for by the contract. This might have been the case, if the contract had been executed, and the defendant was in possession under a warranty deed. But that question is not involved in those proceedings. The plaintiff is seeking to enforce a specific performance of a contract to convey lands against the defendant, and would compel him to take a deed with covenants for title in lieu of a title itself. A covenant to convey with a general warranty deed is an affirmation that the party making the covenant has or will have an indefeasible title, and in a suit for a specific performance of a contract to convey, the party seeking it must be able to convey such a title, otherwise he can not succeed.

The plaintiff did not show a title under the statute of limitations. It is said the court will never compel the purchaser to take a title, where the point on which it depends is too doubtful to be settled without litigation, or where the purchase would expose him to the hazard of such proceedings. It will not compel a man to buy a law suit. Sugden says there are but few titles depending on the statute of limitations that can be recommended. A party making out a title under the statute of limitations must show it to be good,

that the court may determine whether it shall be received. It is not for the purchaser to contest the validity of such a title with the vendor, as he may be wholly ignorant of the state of it.

If the plaintiff made any fraudulent misrepresentations about the land agreed to be sold, or representations which were not true, it would depend on circumstances whether such misrepresentations would be a ground for a rescission of the contract or for compensation. We do not conceive that the defendant in his answer has made such a case as would induce the court to rescind the contract. He does not show that he relied on the representations, or that he had no information on the subject about which they were made; nor that, if they were not true, he would not have entered into the contract. Fraud may always be shown by oral evidence although the contract is reduced to writing. Where the vendor has not *substantially* the whole interest he has contracted to sell, he can not enforce the contract against the purchaser, and yet the purchaser can insist on having all the vendor can convey with a compensation for the difference.

We do not see how the defendant can insist on the statute of frauds, as in his answer he prays a rescission of the contract. If he has entered on the land and made improvements without any binding contract, or intending to rely on the statute of frauds, he may meet with some difficulty in obtaining compensation for his improvements. We do not see how the plaintiff can meet the plea of the statute by insisting that the defendant has been put in possession, made payment of part of the purchase money, and erected valuable improvements. These circumstances might be insisted on by the purchaser on a bill for a specific performance, when the statute was pleaded by the vendor; but if the vendee will waive the right these circumstances conferred on him, we do not see how the vendor can insist on them for him.

The record does not furnish us with evidence sufficient to determine this controversy, the parties having gone into it without being fully apprised of their respective rights.

Nor are we here to try causes originally. This is an appellate court and reviews matters of law. The point on which the cause turned in the court below has been reviewed. The petition of the plaintiff showed that he proceeded on an erroneous ground and [one which] did not give him a right to the relief he sought. We do not know the nature of the defect of the title, nor whether it can be made good. Perhaps the parties, now that their rights are better known than they were at the commencement of this suit, can settle this matter by themselves in a manner more satisfactory than the courts. If there is an incurable defect of title to a part of the land, the defendant has failed to set out such circumstances which would make such deficiency a ground for the rescission of the contract, as he has not shown that a failure of title to a part of the land would make it inequitable to enforce the contract. When a case is tried, and no points of law are raised on the evidence in the court below, as this court can only decide points made in that court, I would not feel myself at liberty, under such circumstances, to interfere with the judgment that may be pronounced. For the reason given in a former part of this opinion, the judgment will be reversed and the cause remanded. The other judges concur.