## SUPREME COURT.

### John Neville agt. Mary Neville.

A *ne exeat* may issue against a *feme covert* when a proper foundation is laid for an equitable action against her.

But the grounds for such an action are not laid, where a married woman becomes a *depositary*, that is, receives money or property to keep for another gratuitously, without the consent of her husband, which, it is alleged, she has appropriated to the use of others—although the husband would be bound to restore the deposit to the depositor, if it is in his possession.

In such a case the defendant cannot, upon any obligations arising out of the deposit or bailment, be held to bail under the Code; and by changing the form of the action involving a different remedy, the rights and liabilities of the parties are not changed. The contract of deposit being *void*, no action at law or equity will lie upon it.

*Oswego Special Term, April, 1861.*

MOTION by defendant to discharge a writ of *ne exeat*, upon which she has been arrested and held to bail by the sheriff of Jefferson county. The defendant is a *feme covert*, now an inhabitant of Canada, where her husband resides. In January, 1860, she was residing with her husband at Watertown, in this state, and, as is alleged, received from the plaintiff $600 for safe keeping for him, only $50 of which she has repaid. Four hundred dollars of the remainder, it is alleged, she has since appropriated by giving or lending the same to her father, receiving as a security for the re-payment of a part of it, a bond and mortgage for $300; and one object of the action is to reach this bond and mortgage.

> CLARKE & CALVIN, *for the motion.*
> LANSING & SHERMAN, *contra.*

ALLEN, Justice. The power to issue the writ of *ne exeat* in cases of equitable cognizance still exists, and is not impaired or affected by the provisions of the Code. (*Bushnell* agt. *Bushnell,* 15 *Barb.,* 399 ; *S. C. at special term,* 7 *How.,* 389.) This case, and the principle upon which it proceeded, holding that the general provisions of the Code, (§ 178,) that no person shall be arrested in a civil action except as prescribed by that act, did not apply to cases in which the plaintiff was entitled to equitable bail, is decisive of the question made by the defendant upon the clause in section 179 declaring that no female shall be arrested in any action except for wilful injury to person, character or property. It only applies to arrests as provided by the Code for the cause of action for which an arrest is given by that act. It simply excepts females from the operations of the provisional remedy by arrest given by the Code.

The act to abolish imprisonment for debt (*Sess. Laws of 1831, p.* 396) was in terms very comprehensive, declaring that " no person shall be arrested or imprisoned on any

civil process issuing out of any court of law, or on any execution issuing out of any court of equity"; and yet it was held that it did not affect the remedy by *ne exeat* in cases of equitable cognizance. (*Brown* agt. *Huff*, 5 *Paige*, 235.)

Upon the ordinary mesne process in actions at law, a married woman cannot be arrested. The common law exempts her from arrest, (2 *Kent's Com.*, 181,) and she is entitled to be discharged from arrest on final process, if it appears that she has no separate property. (*Sparks* agt. *Bell*, 8 *B. & C.*, 1.) But a *ne exeat* issues upon different principles from those which regulate the mesne process of courts of law. It issues only when a court of equity has jurisdiction, and in the enforcement of an equitable demand. It is in the nature of equitable bail, and issues only by the special order of the court, and when the party against whom it is asked is about to leave the jurisdiction of the court so that the decree of the court will be ineffectual, or the party interested in it may have to follow his adversary to another jurisdiction. It may issue in any stage of the action, and against the plaintiff or defendant, as occasion may require. (*Dunham* agt. *Jackson*, 2 *Paige*, 629.) It may therefore issue in any case and against any party, when the court has jurisdiction of the subject matter and of the person of the defendant. If a *feme covert* is exempt from the jurisdiction of the court, and cannot be bound by any decree or judgment pronounced by it, she cannot be compelled to give the equitable bail which is the object of a *ne exeat*. But if a valid judgment can be pronounced against her in respect to the cause of action alleged against her, then the court can employ all the process which it is accustomed to employ to make its judgment effectual.

The charge is, that the defendant has a trust fund in her hands, to which the plaintiff is entitled; that she is the depositary of the plaintiff's money, which she has misappropriated, and in part converted wrongfully into a bond and mortgage which she is about to take with her from the

Neville agt. Neville.

state. If the court has jurisdiction to compel her by its judgment to deliver this bond and mortgage to the plaintiff, in lieu of so much of his money represented by it, then it can, by its process of *ne exeat*, exact equitable bail of the defendant. That a *ne exeat* may issue against a *feme covert* where a proper foundation is laid for an equitable action against her, is established by *Dulins* agt. *Hale*, (2 *Vernon*, 613, *and the cases cited in the note.*) The cases holding that a married woman cannot make a contract valid at law, or appoint an agent, or be convicted of a misdemeanor committed on the person of her husband, do not necessarily decide the question presented by this motion. As to the liability of the defendant in this action, other principles are involved in the maintenance of the action. Neither does the right of the plaintiff to maintain this action depend upon the recent legislation of this state, the tendency of which is to charge the *feme covert* with all the duties and responsibilities, and subject her to all the risks, which have hitherto rested exclusively on the husband. She is put on a " war footing," and may sue and be sued as a *feme sole* in matters relating to her separate estate. And the acts passed professedly for her protection will in the end divest her of her property, by depriving her of the protection before thus furnished her by courts of equity. But it is only for the courts to administer, not to make the laws. The defendant, if liable at all in this action, is liable irrespective of positive law. A married woman can act as the agent of a third person unless her husband dissents. (*Story on Agency*, §§ 7, 8, 485.) She can as agent bind her principal, but it by no means follows that she will be liable to her principal for negligence or want of skill in the execution of the agency. The act of dealing of the defendant with the plaintiff, is not authorized by any statute of this state, and its validity and her liability not only to this process, but to the action, depend upon the rules of the common law. In determining the capacity of *femes covert* to

do any acts or enter into any contracts, equity follows the law, except as to acts and contracts relating to the separate estate of the wife.  (1 *Fonb. Eq.*, *B.* 1, *ch.* 2, § 6.)   A wife may execute a naked power.   The disability of married women to contract so as to bind themselves or their husbands, results from considerations of public policy.   The law considers all acts of the wife which might prejudice the interest of the husband as void, except debts contracted for necessaries.   (1 *Fonb. Eq.*, *B.* 1, *ch.* 2, § 6, *note h.*) STORY thus expresses the disability and the reason of it : " But perhaps the more exact statement would be, that it is a fundamental policy of the common law to allow no diversity of interest between husband and wife ; and for this purpose it is necessary to take from the wife all power to act for herself without his consent, and to disable her, even with his consent, (for her own protection against his influence,) from becoming personally bound by any act or contract whatever done in *pais*." (1 *Story Eq. Jur.*, § 243.)

There is no pretence that the defendant has a separate estate or property of any kind.   If receiving this money as the depositary or bailee of the plaintiff, gave her a separate estate or property in it, then it ceased to be the property of the plaintiff, and an action will not lie for that reason.   If it became *quasi* a separate property of the wife so as to give the court jurisdiction over her in respect to it, there never would have been any doubt or difficulty in the assertion of the rights of depositors or bailors as against married women who had become depositaries or bailees. If a married woman becomes a depositary, that is, receives money or property to keep for another gratuitously, which is charged here, without the consent of her husband, the act is a mere nullity, and no contract of deposit arises. Yet the husband will, in such case, be bound to restore the deposit to the depositor, if it is in his possession.   (*Story on Bail.*, § 50 ; *and see 2d Sand. Rep.*, 47, *b*, *note f.*)   So a

married woman may become a mandatary, but the mandator can have no remedy against her upon the implied obligations of the contract. (*Story on Bail.*, § 162.) For the devastavit of a *feme covert* executrix, committed during coverture, a husband is liable in law and in equity as long as both parties are alive; for as she has no power to act alone, his assent will be presumed. After the determination of the coverture the wife is responsible to creditors, and also to the legatees. (2d *Williams on Executors*, 1128, 1129, *and cases cited in note; Adair* agt. *Shaw*, 1 *Sch. & Lef.*, 243.) In *Moore* agt. *Maywell*, (1 *Dick.*, 30; 3 *Atk.*, 409,) a *ne exeat* was issued against a married woman, the administratrix of a former husband, who had come to England to get his property. But it appeared the *feme covert* in that case had large separate property, and had executed bonds, &c. This case was followed in *Juningham* agt. *Glass*, (*Ambl.*, 62; 1 *Dick.*, 107.) In 1823, however, in *Pannel* agt. *Taylor*, (1 *Tur. & Rus.*, 96,) Lord ELDEN decided that a writ of *ne exeat* could not be sustained against a *feme covert* executrix or administratrix. In that case the husband had gone abroad, and the wife was about to go. Lord ELDEN says: "The general rule is, that in an equitable case you cannot hold a party to equitable bail, when in a legal case you could not compel him to give effectual bail."

It is clear that the defendant could not, upon any obligations arising out of the deposit or bailment, be held to bail under the Code. By changing the form of the action involving a different remedy, the rights and liabilities of the parties are not changed. The liability of the defendant to answer to the plaintiff arises out of the contract of deposit, and the contract being void, no action at law or equity will lie upon it. So far as the plaintiff can trace his property, he may recover it, or if it is represented by the bond and mortgage of Johnson, that may be reached, but not in an action against this defendant alone. The

coverture of the defendant was carefully concealed in the affidavit on which the writ was granted, and it was therefore allowed without a consideration of the question made before me.

The writ must be discharged, with costs of the motion to defendant to abide the event of the action.