Dean vs. Smith.

---

## DEAN vs. SMITH.

*Writ of* ne exeat.—*Record on appeal.*

1. An arrest upon a writ of *ne exeat*, and restraint of liberty until the party gives bail not to depart out of the state, is not "imprisonment for debt," within the meaning of the constitutional prohibition on that subject.

2. In a suit to compel the settlement of a partnership account, where it appeared by the verified complaint and other affidavits, that defendant had converted all his property into money or notes, and threatened to leave the state: *Held*, that a writ of *ne exeat* was properly issued against him.

3. An order of court made previously to that appealed from, and adjudicating the same matter, cannot be considered here, unless the evidence of it appears in the record on appeal.

APPEAL from the Circuit Court for *Dane* County.

Action to compel an account, and payment of an alleged excess of partnership profits in defendant's hands. A writ of *ne exeat* was obtained against the defendant, and from an order of court refusing to vacate the writ, the defendant appealed.

*H. W. & D. K. Tenney*, for appellant, insisted that this was an action simply to ascertain and collect a debt arising out of a partnership, and therefore founded upon contract. Hence the writ of *ne exeat* issued against the defendant was in violation of the constitution, which prohibits imprisonment "for debt arising out of or founded on a contract, express or implied." Sec. 16, art. 1. Moreover, this writ, in its aspect of equitable bail to enforce payment of an equitable debt, is abolished by the statute of "arrest and bail," adopted from the New York Code. So, at least, it is held by the later authorities in that state. 2 Sandf. 626; 2 Cow. 58; 3 id. 121; 7 Leg. Obs. 300; 16 Abb. 43; 25 How. Pr. R. 181; 1 Whit. Pr. 400.

*Stevens & Flower*, for respondent, contended that the appeal was improperly taken, because the subject matter of the order appealed from had been adjudicated in substantially the same way, by a previous order, not shown by the record, but made at chambers in denial of the appellant's own motion, and which he had not seen fit to question or disturb. 2. The constitutional provision as to imprisonment for debt is less restrictive than the non-imprisonment act of New York passed in 1831. Yet, even this act, broad as it is, is construed by the courts of that state as not affecting their power to issue writs of *ne exeat* in any case of equitable cognizance, when it appears the defendant is about to elude the jurisdiction of the court. 1 Barb. Ch. Pr. 647; 3 Paige, 397; 5 id. 235. Neither is the writ abolished by the Code. In our state, statutes authorizing the writ were in force when the Code was adopted, and were re-enacted in 1858, and with such modifications conformably to the new practice as to leave no room to question their present force and authority.

R. S. 1858, ch. 116, § 4, and ch. 129, §§ 10, 11 and 12. 3. The case at bar is one wherein the writ might properly issue. The presence of the defendant, with the books and accounts in his possession, is necessary to a correct settlement of the matters in controversy, whenever the action shall come to trial.

COLE, J. This is an appeal from an order of the circuit court refusing to vacate and discharge a writ of *ne exeat*, and also refusing to have the bond given by the defendant thereupon, given up and canceled. The writ of *ne exeat* was issued upon an order of the circuit judge made at chambers. The defendant was arrested upon it, and held to bail. He afterward moved the circuit court, as above stated, to have the writ vacated.

It is said, in the brief of counsel for the respondent, that the order appealed from was correct, because the subject matter of that order had been previously adjudicated in the case, and that no appeal has been taken from such previous order. But what evidence have we in the record of any such previous adjudication? The record shows that the motion to vacate was heard upon the complaint, affidavits, order and writ of *ne exeat*, and the answer of the defendant. Perhaps, if the respondent had shown, upon the hearing of this motion to discharge the writ, that a previous motion had been made for the same purpose, the question would then be considered *res adjudicata*. But, as the case now stands, we have no proper evidence of any such previous adjudication, and we must, therefore, consider the order upon its merits.

This action was brought to obtain a settlement of certain partnership matters stated in the complaint; for a general accounting by the defendant; for the appointment of a receiver of the partnership property; and for an injunction restraining the defendant from interfering with or removing said property. It is claimed in the complaint, that, after pay-

ment of the partnership debts, the defendant will have in his hands a large sum of money justly due and belonging to the plaintiff. Now it is claimed, in opposition to the order appealed from, that the action is simply one to ascertain and collect a debt, or the excess of partnership moneys in the hands of the defendant. A partnership, it is said, is nothing but a contract, and the obligations of the partners to each other on account of dealings in the scope of the business necessarily arise out of contract, and a writ of *ne exeat* in such a case is nothing more nor less than imprisonment for debt, which is prohibited by the constitution of this state. The constitution certainly declares that "no person shall be imprisoned for debt arising out of or founded on a contract, expressed or implied." Art. 1, § 16. But we think a writ of *ne exeat* is not imprisonment for debt, within the intent and spirit of this provision of the constitution. It is said by the authorities to be in the nature of equitable bail, and issued only by the special order of the court, when the party against whom it is asked is about to leave the jurisdiction of the court, so that the decree of the court will be ineffectual. *Neville v. Neville*, 22 How. Pr. 500; *Brown v. Haff*, 5 Paige, 235; *Fuller v. Emerick*, 2 Sandf. S. C. 626; *Johnston v. Johnston*, 25 How. Pr. 181. And this, as it appears to us, is the true nature and character of the writ of *ne exeat*. It prevents a person from going out of the state until he shall give security for his appearance, and is not imprisonment for debt, within the proper meaning and sense of those words.

There has been some conflict of opinion in New York, as will be seen by the above cases, whether the writ of *ne exeat* was not abolished by the Code. But no question of the kind can arise in this state under the plain provisions of our statute. See § 4, ch. 116, and §§ 10, 11, ch. 129. And unless the writ is prohibited by that clause of our state constitution which forbids imprisonment for debt arising upon contract, the

circuit courts have the power of requiring this kind of bail in cases which are of equitable cognizance, where the defendant is about to elude the justice of the court by removing beyond its jurisdiction. We have already stated that we did not think the constitution abolished the writ.

That the complaint and affidavits presented a proper case for granting the writ, seems to us plain. It appears that the defendant had sold and conveyed all of his property in this state, and converted the same into money or choses in action, and was threatening to leave the state and remove to some of the western states or territories. He was going to depart beyond the jurisdiction of the court, and render it impossible for the plaintiff to have an accounting and settlement of the partnership transactions in this action.

*By the Court.* — The order of the circuit court, refusing to vacate and discharge the writ, is affirmed.