OAHU LUMBER & BUILDING CO., LTD., *v.* C. DING
    SING, as Trustee for Oy Shock Kee Co., an unincorpor-
    ated Society, and C. T. Akana.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 4, 1903.    DECIDED FEBRUARY 19, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The writ of *ne exeat* is not now available, in an action of assumpsit,
    to prevent a defendant from going away from the Territory or to
    compel him to give security for the payment of the judgment that
    may be recovered.
The execution of the writ would subject the defendant to imprisonment
    for debt contrary to the provisions of the Organic Act.

OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff commenced an action in assumpsit, in the Cir-
cuit Court, to recover the sum of $296.16 from the defendants.
It is alleged in the petition that one of the defendants, C. Ding
Sing, seeks to avoid the payment of the debt and is about to
remove his property out of the jurisdiction of the court and is
about to depart beyond seas and prays that a writ of *ne exeat*
issue directed to the High Sheriff commanding him to forthwith
arrest C. Ding Sing and hold him subject to the further order
of the Court unless the "said C. Ding Sing shall enter into
security with sufficient sureties in the sum of $600, not to depart,
or attempt to depart from the Territory of Hawaii without leave
of the court."

The Circuit Judge issued an order to show cause and after a

hearing declined to issue the writ. This ruling was excepted to and is complained of as an error.

The sole question presented for decision in this case is whether it was error for the Circuit Judge to refuse to issue the writ.

The writ prayed for in the petition must be regarded as the law writ of *capias ad respondendum* under Sections 1233, 1239, Civil Laws, and not the equity writ of *ne exeat* under Section 1145, Civil Laws, as amended by Session Laws of 1903, Act 32, Section 11. It will not be necessary in this cause to decide whether the inhibition of imprisonment for debt in the Organic Act extends to the equitable writ of *ne exeat,* the object of which is to secure equitable bail. Provisions of this character elsewhere have been construed not to extend to such writs, *(Dean v. Smith,* 23 Wis. 483; *Brown v. Haff,* 5 Paige 235*)*, although it is probable, under the provisions of our Organic Law, that no distinction should be made between the two classes of writs or proceedings whether called *ne exeat* or *capias ad respondendum.*

Chapter 108, Civil Laws, providing for the "arrest of debtors" is specifically repealed in Section 7 of the Organic Act and in order to demonstrate more clearly, if possible, an intention on the part of Congress to prohibit the use of the criminal arm of the law, in this Territory, in enforcing the collections of debts, it was provided, in Section 10, of the Organic Act, that "no person shall be subject to imprisonment for non-payment of taxes nor for debt."

The word imprisonment has a well-settled meaning in the law and is defined as follows: "The confinement of the person, in any wise, is an imprisonment; so that the keeping of a man against his will in a private house, putting him in the stocks, arresting or forcibly detaining him in the street, is an imprisonment." 1 Blackstone, p. 137.

The basis of the plaintiff's demand for the writ being a debt it would be impossible for the sheriff to execute the writ in any manner without subjecting the defendant to imprisonment for debt within the inhibition of the Organic Law of the Territory above cited.

There was no error in the ruling of the Circuit Judge. The exception is overruled.

*J. A. Magoon* and *J. Lightfoot* for the plaintiff.

*Lorrin Andrews* and *Wm. S. Fleming,* for defendant C. Ding Sing.