The discharge of an apprentice by an order of three justices, does not affect the validity of the indentures so as to prevent the master from setting them up as a defence in an action against him to recover the value of the services of the apprentice. Where a person is relieved, on his own application, by an overseer of the poor, without a previous order for that purpose, this is sufficient to authorize the overseers of the poor to bind out the children of such person as poor apprentices; the want of the order only coming in question on the settlement of the overseer's accounts, and not invalidating the indentures of apprenticeship, at least, so far as to prevent the master from using them as a defence in an action to recover the value of the services of the apprentice.

SCHERMERHORN *against* HULL.

IN ERROR, to the court of common pleas of the county of *Columbia.*

This was an action of *assumpsit*, which was tried at the *May* term of the court below, in 1815, and was brought to recover the value of the services of two of the plaintiff's children, a boy and girl, who went into the defendant's employ in the latter part of *February*, 1812, and continued with him until *July*, 1814, when they absconded from the defendant. To bar the plaintiff's right of action, the defendant offered to show indentures of apprenticeship by the overseers of the poor of the city of *Hudson*, with the consent of the mayor and recorder, binding these two children, as poor of the city of *Hudson*, to the defendant, in the usual form. It appeared, that the plaintiff applied to one of the overseers of the poor of *Hudson*, for assistance, who, considering him a proper subject for relief, furnished him with a load of wood, in *February*, 1812, and other articles in the years 1812, 1813, and 1814, but no order for this purpose had ever been given by a magistrate. It further appeared that, in *February*, 1812, the defendant applied at the plaintiff's house, in *Hudson*, to hire the children, that the children and parents consented, and that he took them from thence; that, on the 3d of *March* following, the children were bound to the defendant by the overseers of the poor, without the knowledge or consent of their parents. In *July*, 1814, the son was discharged, by an order of three justices, from his indentures; the defendant appealed to the sessions, but abandoned his appeal; and a *habeas corpus* being allowed for the daughter, the defendant gave her up, with her indentures.

The admission of the above evidence was objected to on the part of the plaintiff, but the objection was overruled by the court, who charged the jury that the plaintiff was entitled to recover for the services of the children, only from the time of their going to the defendant, in *February*, until the date of the indentures, in *March*; and the jury, accordingly, found a verdict for the plaintiff for five dollars. To the admission of the evidence, and the charge of the court, the plaintiff excepted, and

a writ of error having been brought, the case was submitted without argument.

YATES, J., delivered the opinion of the court. The discharge of the apprentice by the justices, under the statute, cannot affect the validity of the indentures as to any time of service rendered previous to their interference, and the master, upon that ground, cannot be prevented from defending himself in a suit like the present, by showing that there could be no indebtedness for such services, because, at that time, they were his indented apprentices.

The act concerning apprentices and servants, (1 *R. L.* 138, 139.,) gives power to three justices, or to the mayor, recorder, and aldermen, of any city, or any three or more of them, to discharge an apprentice from his indentures, upon complaint by him made, touching any misusage, refusal of necessary provisions or clothing, cruelty, or other ill treatment; those acts, arising after the indentures are in operation, and the subsequent decision of the justices, &c., cannot deprive the master of the benefit of the services before rendered.

The 4th section of the above-mentioned act, (1 *R. L.* 136.,) gives authority to the overseers of the poor, with the consent of the mayor and recorder of *Hudson*, to bind out any child who is, or shall be, chargeable, or whose parents are, or shall become, chargeable to the city, or who shall beg for alms.

The evidence, in this case, shows, that the father of the children applied to the overseer of the poor for relief, and that, in *February*, 1812, a load of wood had been given to him, and, by the account annexed to the case, it would seem, that assistance had been afforded to him both before and after the date of the indentures; it is, however, urged, that the overseer of the poor, in extending the relief asked for, had not obtained a previous order from a justice, and, therefore, all this was done by him without authority, which was necessary to make the children paupers under the act; and, unless they were so, no power existed to bind them out. I do not think that, under the act, those indentures were executed by persons having no authority; the act gives the power when alms are asked; and the father (if not a legal pauper) asked and received alms for himself and the children, and this alone was sufficient to warrant the binding, at least so far as to prevent a recovery by the father for

the services of the children at any time after date of the indentures, and before the children were discharged by the justice. The father, at the time, was a pauper, in fact, and had been relieved by the overseers of the poor; and his neglect to obtain the order was an affair between him and the corporation of the city of *Hudson*, and would have been a sufficient reason for them not to have allowed the account; the order is only required to prevent imposition in expenditures of this nature, and if the corporation will allow the account it is sufficient; the plaintiff and his family having been relieved at the expense of the city, by an overseer of the poor, on his own application, they were paupers within the meaning of the act. The court below did right in receiving the indentures in evidence, and charging the jury that the plaintiff was entitled to recover the amount of the services rendered before the binding, and no more, and the verdict has been given according to the charge. The judgment in the court below must be affirmed.

*Judgment affirmed.*