## VIELE *et al. v.* THE TROY AND BOSTON RAILROAD COMPANY.

Where a trial by the court comes up for review without any finding of facts, nothing can be intended or presumed against the correctness of the judge's decision, but in support of the judgment the party obtaining it is entitled to that inference from the facts proved which is most favorable to him.

A railroad corporation took possession of land required for its track under an agreement to pay the value, to be appraised by arbitrators, in ten days after notice of their award, and upon the tender of a deed conveying an unincumbered title: *Held,* that after the tender of a deed and a failure to specify the objection, that the title was subject to an incumbrance—which was removed eight days afterwards — the corporation continuing in the possession of the land, could not resist a specific performance on the ground that the plaintiff had not strictly performed the condition precedent on his part.

Nor can it impeach the award, because the arbitrators took improper items into consideration, in fixing the damages, the corporation having kept possession of the land with knowledge of that fact.

APPEAL from the Supreme Court. Action for a specific performance of a contract. The trial was before Mr. Justice W. F. ALLEN, without jury, and these facts were proved: The defendant located its road upon the plaintiff's land, and its workmen having entered thereon, and being warned by the plaintiffs to keep off until they got their pay for the land, desisted from their . operations. Immediately thereafter the parties entered into an agreement that the damages from the appropriation of the land to use for a railroad should be determined by three appraisers named in the agreement: that within ten days after notice of the appraisal, the plaintiffs should execute and deliver a good and valid deed which should convey a title free from incumbrances, and thereupon the defendant should pay the amount appraised as compensation to the plaintiffs. The appraisers made an award, after hearing evidence and viewing the premises in presence of both parties, and deli-

vered copies to each.   The plaintiffs were delayed a few days in consequence of an inability, from the absence of the officers of the defendant, to obtain the form of the deed required by the corporation, and an accurate survey and description of the land.   Within ten days after the award, the plaintiffs tendered a deed to the defendant's treasurer, which he declined to accept on the score of his want of authority to act in the premises, and the absence of the president.   Upon the return of that officer, two or three days afterwards, the deed was handed to him and he referred it to counsel for examination.   The counsel reported that the land was incumbered.   It was in fact incumbered by a mortgage for $350, which was satisfied by the plaintiffs eight days after the first tender of their deed to the defendant's treasurer.   The defendant's workmen resumed operations upon the land immediately after the award, and the defendant continued in possession down to the time of the trial. This action was commenced about five months after the award.

The defendant set up in its answer, and offered to prove on the trial, that the arbitrators received evidence of expenses incurred by one of the plaintiffs in attending the Legislature to lobby against an amendment of the general railroad law, which the defendant was seeking to procure in order to facilitate the obtaining title to lands required for its road, and that the arbitrators allowed some $80 on that account in their award; and also allowed the further sum of $500 to indemnify the plaintiffs against the chance, that at some future day the life of a child might be lost by injury from the defendant's engines.   The evidence was excluded and the defendant took an exception.

The judge directed judgment for a specific performance of the contract, in case the plaintiffs could then make a perfect title to the premises, to ascertain which he directed a reference at the defendant's option (it was waived by stipulation).   He refused costs to either party; to the plaintiffs for want of proof of a tender of deed, and demand of money after the satisfaction of the mortgage; to the defendant for the reason that the refusal to accept the conveyances and pay the award, and the defence of this action, were not placed distinctly upon the

ground that the title was defective, but upon other and distinct grounds. The judgment having been affirmed at general term in the third district, the defendant appealed to this court. The case contained no statement of the conclusions of fact, either by the judge at circuit or the court at general term.

*John K. Porter*, for the appellant.

*John H. Reynolds*, for the respondent.

COMSTOCK, J.   Some of the points which have been urged on the part of the defendants might be worthy of a serious consideration, if they had not taken possession of the land in question for the purposes of their road, and continued in the· occupation, so far as we know, to the present time.   It was suggested on the argument that the company took possession as wrongdoers; that their continued occupation was but a continuance of the wrong; and on this ground that the question whether the award ought to be specifically enforced must be determined wholly by other considerations.   To this it must be answered that the facts are not so found in the case made for reviewing the trial.   There is indeed no statement of the conclusions of fact found by the judge who tried the cause, and therefore nothing can be intended or presumed against the correctness of his final decision.   On looking into the evidence it appears that shortly before the award was made, the plaintiffs forbid the workmen of the company from going on to the land until it was paid for; that this prohibition was complied with until after the award was published, when the company resumed their operations, and from that time continuously occupied the premises.   A reasonable interpretation of this conduct is, that the defendants on their part intended and expected to perform the award by paying to the plaintiffs the sum therein specified on receiving a conveyance of the land.   The inference which the judge derived from these circumstances is not stated, and the plaintiffs therefore, in support of the judgment, are entitled to the one which is most favorable to them.   I think they have

Viele *v.* The Troy and Boston Railroad Company.

a right now to say that the railroad company took and continued the possession of this land with a direct reference to the submission and award by which the price and damages were determined. That conclusion may have been, and probably was, the controlling one which influenced the course of the trial and the final decision.

Viewing the case from this point there was no error in the rulings at the trial, or in pronouncing the judgment. The defendants were not entitled to a nonsuit, as they claimed, on the ground that an incumbrance existed against the land at the time the deed was tendered to them. The title, it is true, was to be clear of incumbrance, and if the defendants had not themselves acted upon the award by taking possession of the premises, it may be that they could resist a specific performance on the ground that the condition precedent was not strictly performed on the part of the plaintiffs. Such a question need not be examined. The incumbrance was satisfied eight days after the deed was tendered, and although this was after the time when a clear title was to have been made, according to the terms of the submission, yet the defendants by their own conduct lost the right of insisting upon such a ground of defence. If they were not content with the title offered to them, they should have specified the objection and given up the possession of the land.

And a similar answer must be given to another objection prominently urged on the argument before us. The defendants offered to show that the arbitrators allowed to be proved, and took into consideration, one or more items not embraced in the submission, and which could not legally form any part of the sum to be paid to the plaintiffs as a compensation for their land. It appears that both parties attended and were heard before the arbitrators; and the fact is not found, nor is it pretended, that the defendants took and retained possession of the land in ignorance of the irregularities which they offered to prove. In such circumstances they cannot reject the award, even if it could be otherwise impeached for misconduct or excess of power. If they intended to deny the validity of the decision, they should have kept away from the premises or proceeded in some other

manner to acquire the title.   They did neither of these things; and having taken and appropriated the land with no other right to it than such as they took under the submission and award, they are, on the plainest principles, estopped from interposing a defence of this nature.

I think the judgment should be affirmed.

JOHNSON, Ch. J., DENIO, ALLEN and GRAY, Js., concurred.

GROVER, J. (Dissenting.)  There was no special finding of facts by the judge before whom this cause was tried at special term, nor by the general term of the Supreme Court.   The bill of exceptions contains some evidence tending to show that improper motives were entertained by one of the appraisers, and that he might have acted improperly in making the appraisal.   The court below, having given judgment for the plaintiffs, must be presumed to have found that there was no improper conduct by the appraisers in making their award. · This determination, being upon a question of fact, cannot be reviewed by this court. The same remark is applicable to the questions, whether the amount awarded to the plaintiffs by the appraisers was so disproportioned to the value of the land to be taken, and the damages occasioned to the plaintiffs by constructing and operating a railroad through their farm, as to prove that the award was fraudulently made by the appraisers, or so excessive that the court, in the exercise of its legal discretion, will not enforce a specific performance of the contract against the defendant.

The defendant, having taken possession of the land and continued such possession up to the trial of the cause, could not insist upon the failure of the plaintiffs to tender a deed conveying to it an unincumbered title within the time limited by the agreement.   Such failure constituted no defence to the action. (*Stevenson* v. *Maxwell*, 2 *Comst.*, 408.)   A specific performance in a proper case will be decreed against the purchaser when the vendor is able to give a perfect title at the time of trial. (*Brown* v. *Haff*, 5 *Paige*, 235; *More* v. *Smedburgh*, 8 *id.*, 600; *S. C. upon appeal*, 26 *Wend.*, 238.)

The clause fixing the damages to be paid by the party in default does not constitute a defence to this action. The agreement to take the land and pay the sum awarded, is absolute. There is nothing in the agreement giving to the defendant an election to take the land or pay the damages, or showing an intention by the parties that the damages should be accepted by the party not in default in satisfaction of his rights under the agreement. The evident intention of the clause was, to insure performance by the parties.

The only remaining question arises upon the exception to the ruling of the judge in excluding the evidence offered by the defendant upon the trial. The defendant proposed to prove that the appraisers received proof or representations from Gen. Viele (one of the plaintiffs) of expenses incurred by him in attending the Legislature to lobby against an amendment of the general railroad law which the defendant sought to get passed to enable it to perfect its titles, and that the arbitrators actually allowed some $80 on that account in their award, and allowed the further sum of $500 to indemnify the plaintiffs against the chance that at some future day they might lose the life of a son or child by the engine. The evidence was offered as an entire proposition. It is well settled that if any portion of the testimony so offered is inadmissible, it is not error to reject the proposition containing it, although a part thereof was competent. The question, then, is whether the defendant had the right to prove both facts embraced in the proposition. As to the $80 expended in lobbying, there can be no question. This had nothing whatever to do with the question submitted to the appraisers. It was submitted to them to determine the amount of compensation to be paid by the defendant to the plaintiffs for the land required for the road, and also the damages and costs sustained or to be sustained in consequence of locating and constructing the road. The idea that it was necessary for Viele to visit Albany and expend money in attending the sessions of the Legislature to prevent an amendment of the general railroad law in consequence of the location of the defendant's road through a farm in which

he was interested, is absurd. This is the only ground upon which it could be claimed that these expenses were embraced in the submission.

The allowance of $500 as an indemnity for the apprehended death of a child from the engine, I think was unauthorized by the submission. Under the submission the appraisers were to determine the value of the land to be conveyed, and the amount of the damage to the residue of the farm caused by the intersection of the said road. The inquiry as to the damage was, how much the farm was reduced in value thereby. In determining this, they had the right, and it was their duty, to take into consideration all the inconveniences and dangers of cultivating the farm caused by operating the railroad. But I think they had no right to take into the account any other injuries that the plaintiffs might sustain in operating the road. Should a child of the plaintiffs be killed by the engine through the negligence of the defendant, this allowance would constitute no defence. Should it occur through the negligence of the child or its guardian, then the plaintiffs are entitled to no compensation from the defendant. As I understand the submission, the appraisers were clothed with the same powers as commissioners appointed by the court to appraise damages sustained by the taking of land by railroad companies for the purposes of their road. In this case the parties agreed upon the appraisers, and the language used in defining their powers is substantially that of the statute relating to commissioners. It is true the award in this case required no confirmation by the court. The parties provided for the transfer of title by their agreement. They did not confer power upon the appraisers to award concerning injuries that might be received by the plaintiffs through the wrongful act of the defendant in operating their road, nor to compensate the plaintiffs for injuries sustained without its fault. A construction conferring such power is not warranted by the language, and I am satisfied was not the intention of the parties in making the submission. The validity of the appraisal or award in this case is to be determined by the rules governing the award of arbitrators. An award

will not be set aside for an error of judgment by the arbitrators, either of fact or law, provided they act in good faith. But when they exceed their jurisdiction, and award upon matters not embraced in the submission, that portion of the award is void. And where the award is entire, and the whole is affected by the excess of jurisdiction, the whole award is void. (*Schermerhorn* v. *Hull,* 13 *John.,* 270 ; *Bacon* v. *Wilber,* 1 *Cow.,* 117 ; *Cox* v. *Jagger,* 2 *Cow.,* 638.) Here the award is for an entire sum, and the proposition of the defendant was to show that of the amount some $580 was on account of matters not submitted. The award, if this be true, is void. The defendant had an undoubted right to show that no valid award was made by the appraisers; and I think the facts affirmed, if proved, would show this.

The judgment should be reversed, and a new trial ordered.

SELDEN and STRONG, Js., also dissented.

Judgment affirmed.