Freedman, J. (concurring).
At the trial the learned judge seems to have had before him, among other things, not only the findings of the jury upon the questions submitted to them, but also the testimony upon which such findings were based; and his decision recites that such findings were approved and adopted by him. From such testimony it appeared *182 that the arrangement made with the plaintiff as to the rendition of services, was assented to by Haight, Hiler, and the defendant; that plaintiff’s employment was made wholly on the faith and credit of the expected fund ; that his compensation depended upon his success ; that at the time of the making of the arrangement there was no money, or fund, or property, in the hands of, or under the control of, the trustee with which to pay the plaintiff; that the defendant had stipulated against a personal liability ; and that the defendant, as trustee, received from the plaintiff the amount of the surplus fund in the shape of a check of the city chamberlain,upon his promise to pay the plaintiff the amount of the lien which plaintiff claimed to have.
The judge, therefore, might, and if he had been requested, undoubtedly would have found these additional facts, especially as, with the single exception of defendant’s promise, as to which there was a conflict of evidence, the existence of these facts was not questioned, but tacitly conceded by all parties ; and these facts, if found, would have brought the case directly within the decision of the court of appeals in Noyes v. Blakeman, 6 N. Y. 567.
That these facts were not found, constitutes no sufficient reason for a reversal. Every reasonable intendment on questions of fact as well as of law, is to be made in support of the judgment, and the appellant was bound to show error. This he has not done.
It has even been held that where a judgment, after a trial by the court, comes up for review without any findings of fact, nothing will be presumed against the correctness of the decision, but the presumption will always be in the favor of the decision rendered (Viele, et al. v. Troy & Boston R. R. Co., 20 N. Y. 184; McKeon v. See, 4 Rob. 449, affirmed, 51 N. Y. 300).
I therefore concur, that, for the reasons stated by my brother Speir, the judgment should be affirmed.