## SUPREME COURT.

GEORGE BUESS, respondent, agt. GEORGE KOCH, appellant.

*Demurrer to complaint — Specific performance — Contract — Breach — Tender, when excused.*

The complaint set out an agreement or contract in writing for the delivery of a deed of land and the payment of the consideration on or before May 1, 1875. It was also averred that before that day the party whose duty it was to deliver the deed applied to the party who was to pay the consideration, to name a time and place for performance, to which such party did not reply. It is also alleged that he subsequently executed a deed, in due form, and made all reasonable efforts to find and communicate with the other party to complete the agreement, but which efforts, through the acts and omissions of the other party, were unavailing:

*Held,* that the complaint, although it failed to show a strict performance of the agreement by the plaintiff, alleged such a state of facts as directly tended to excuse it, and which entitled him to have the agreement specifically performed.

The omission of the plaintiff to have the deed executed on or before the 1st of May, 1875, and tendered on that day at defendant's residence, was equitably excused by the other acts performed by him. A formal tender was waived by the acts and omissions of the defendant.

The fact that all the relief which may be essential to such an action has not been claimed, does not render the complaint so defective as to make it the subject of a demurrer. To avoid that consequence it is sufficient that the facts constituting an equitable cause of action have been alleged and that the relief insisted upon is appropriate *too*, while it may not be all that will be required for a complete or perfect judgment (*Affirming S. C.*, 52 *How.*, 479).

*First Department, General Term, March,* 1877.

APPEAL from an order overruling a demurrer to the complaint.

*M. L. Townsend*, for appellant.

*Kaufman, Tunstall & Wagner*, for respondent.

DANIELS, *J.* — The complaint set out an agreement made by the parties on the 1st day of March, 1870. It contained a recital that the defendant had entered into an agreement with George Traeger, by which he had become bound to purchase certain premises on Rivington street, in the city of New York, for the sum of $15,000, and at his request the plaintiff had consented to take his place and perform his covenants with Traeger, and had further agreed to alter the building upon the land into a shop suitable for carrying on the cabinet-making business, and lease the premises to the defendant for five years, from the first day of the following month of May, and then to convey them to him. The premises were then, by the terms of the agreement, leased and demised to the defendant for such term of five years, at the yearly rent, payable quarterly, of ten per cent on their cost, and the expenses of their alteration.

It was then covenanted that, on or before the expiration of the term of five years, the defendant would well and truly pay to the plaintiff "the said consideration of $15,000, and also the cost and expense of altering the building as aforesaid, upon the said Buess executing to him a good and sufficient deed of the said premises, free from all incumbrances, which deed shall contain a general warranty, and the usual full covenants." The plaintiff averred that he altered the building and rendered it suitable for the business to which it was to be adapted; that the defendant occupied it and paid the rent up to the 1st of May, 1875. It was also averred that before that day he gave the defendant a notice in writing requesting information from him as to the time when he would be ready to complete the agreement. To that no reply was made. The plaintiff, after the 1st of May, 1875, executed a deed of the premises to the defendant, and went to his residence to

Buess agt. Koch.

deliver it and receive the payment agreed to be made, but he failed to find the defendant. Efforts were afterwards made by his attorneys to find the defendant for the same purpose, but they proved to be ineffectual. The plaintiff also averred that on the 1st of May, 1875, and ever since then, he had been ready and willing to execute and deliver the deed in conformity to the terms of the agreement. That the alteration of the building rendered it unfit for other uses without further changes, requiring great expense. The expenses of the alterations made amounted to the sum of $11,666.04; and for that sum, with the purchase-price to be paid for the property according to the terms of the agreement, the plaintiff demanded judgment.

The defendant demurred to the complaint because it did not contain facts sufficient to constitute a cause of action; and as the money was only to be paid upon the execution of the deed by the plaintiff on or before the day for that purpose mentioned in the agreement — and it appeared that had not been done — he may not have been entitled to what may be denominated a legal relief. But he was not bound to confine his case to relief of that nature, and the facts set out in the complaint did not restrict him to it.

The complaint failed to show a strict performance of the agreement by the plaintiff, but it alleged such a state of facts as directly tended to excuse it, and which entitled him to have the agreement specifically performed. He had so far performed himself as to make the alterations in the building and give the defendant possession; and he endeavored to fulfill the residue of the covenants to be performed by him by securing an understanding which should designate the time when that might be done. That proved ineffectual by the defendant's failure to respond; and then the deed was executed and the defendant sought for in order to complete the agreements, but all reasonable efforts made to find him proved to be fruitless, and then this action was commenced. If the plaintiff was in default, as strictly he probably was at law,

because he omitted to have the deed executed on or before the first of May, and tendered on that day at the defendant's residence, it was equitably excused by the other acts performed by him. For that reason a court of equity would not defeat his claim to relief because he too confidingly relied upon the expectation that the defendant would meet him, and in good faith co-operate with him in performing the covenants which were to be mutually observed, according to the terms of their agreement. His conduct in failing to do so was inequitable, and he ought not to be allowed to shield himself by means of it against the just demand made by the plaintiff, that he should take the property on the terms he had stipulated to perform it for (1 *Story's Eq. Jur.* [*9th ed.*], secs. 775, 776; *Stevenson* agt. *Maxwell*, 2 *Cow.*, 409; *Moore* agt. *Smelburgh*, 8 *Paige*, 601; *Slaird* agt. *Smith*, 49 *N. Y.*, 619; *Freeson* agt. *Bissell*, 63 *id.*, 168). It also appeared that the defendant has had the use and occupancy of the property, and as it has not been alleged that he surrendered its possession when his term expired as a tenant, it may be presumed as he was to have the property afterwards as its owner, that he still continues to hold it, and for that reason also he cannot properly complain of the omission to execute and deliver the deed on or before the first day of May (*Viele* agt. *Troy and Boston R. R. Co.*, 20 *N. Y.*, 184).

The prayer for judgment is entirely consistent with the character already attributed to the action. It demands the recovery of the purchase-price of the property and the amount of the expenses incurred in altering the building; and that the facts alleged show the plaintiff equitably entitled to recover. If a specific performance shall be decreed, the plaintiff will be entitled to a judgment for the payment of the money the defendant covenanted he should receive, and nothing more nor less than that has been demanded. The fact that all the relief which may be essential to such an action has not been claimed, does not render the complaint so defective as to make it the subject of a demurrer. To avoid that

Buess agt. Koch.

consequence it is sufficient that the facts constituting an equitable cause of action have been alleged, and that the relief insisted upon is appropriate, too, while it may not be all that will be required for a complete or perfect judgment (*Hall agt. Omaha Nat. Bank*, 49 *N. Y.*, 626, 631, 632). It is all that the plaintiff can require as the equivalent for the deed he has at all times been ready and willing to execute and deliver by way of performing the agreement he has made.

The order appealed from was right and it should be affirmed, with costs, and the defendant should have liberty to answer in the usual time and upon the ordinary terms.