## TERRY v. MOORE et al.

(Common Pleas of New York City and County, General Term. April 10, 1893.)

1. ARBITRATION AND AWARD—ACTION ON AWARD—PLEADING.
    Arbitrators appointed under a lease were required to determine what would be a reasonable yearly rent for a renewal term. For this purpose they were to take a certain per cent. of the value of the leased land considered as if vacant and unimproved. The decision was not required to contain any matter but the award. Held, not necessary for the lessee, in seeking to compel a renewal in accordance with the award, to allege or show that the award had been in fact made in the manner prescribed.

2. SAME—IRREGULARITIES.
    A party cannot, after pretending to comply with an award, and after suit brought, object to irregularities, as that the arbitrators were not sworn, or their decision delivered.

Appeal from special term.

Action by Cornelia T. Terry against Katherine T. Moore, impleaded with another, to compel the execution of a renewal lease of premises No. 453 West Twenty-Third street, in the city of New York, in accordance with the decision of arbitrators chosen to ascertain and de-

termine the rent for the renewal term. There was an interlocutory judgment overruling a demurrer to the complaint, from which, and an order directing the entry of such judgment, the defendant Katherine T. Moore appeals. Affirmed.

The leasehold estate was created February 1, 1846, by lease for 20 years and 3 months from this date, executed by Clement C. Moore to William Terry, with provision for three renewals thereof, and, at the option of the lessor, for a fourth; each renewal term to be 21 years. The first renewal was by lease dated October 5, 1866, expiring May 1, 1887, when the plaintiff had succeeded to the rights of the original lessee, and the defendant Katherine to the rights of the lessor. At the expiration of that term, arbitrators were appointed to fix the rent for the second renewal term, pursuant to the following covenant in the lease then expiring: "And it is hereby mutually agreed by and between the parties to these presents that, at the end and expiration of the said term hereby granted, the said party of the first part, his successors or assigns, shall and will, at such the end and expiration of the said term, grant unto the said party of the second part, his executors, administrators, or assigns, at his or their expense, a new lease of the said lot of ground for a further term of twenty-one years thence next ensuing, at such reasonable annual rent, to be paid half-yearly, as shall then have been agreed upon by the parties, or otherwise settled and ascertained, as is hereinafter provided, but not less than the rent reserved by these presents." "And, in order to ascertain the amount of rent which ought to be reserved and made payable on any such new lease of the said hereby demised premises as is above mentioned, the amount of such rent shall be ascertained and determined as follows, that is to say: The said party of the first part, his successors or assigns, shall nominate one fit and impartial person, and the said party of the second part, his executors, administrators, or assigns, shall nominate one other fit and impartial person, which persons so nominated shall themselves, respectively, be owners in fee simple of one or more lots in the immediate neighborhood in which the said hereby demised premises are situate, to determine what would be a reasonable yearly rent for the said lot of land during the then next ensuing term of twenty-one years, which nominations shall be made and signified by each party to the other at least one month before the expiration of the then current term; and, in default of such nomination being made by either party for the space of fifteen days after the time above limited for the making of the same, the person who shall have been so nominated by the other party shall appoint and associate with himself one other fit and impartial person qualified as above mentioned, for the purposes aforesaid, and, if the two persons to be so nominated or appointed shall differ in judgment as to either of the said subjects, they shall appoint a fit and impartial person qualified in like manner to be associated with them for such purposes, if they can agree on such person; or, if they cannot agree, then each of them shall nominate two fit and impartial persons qualified in like manner, and from the names of the four persons so nominated that of one shall be drawn by ballot who shall be associated for the purposes aforesaid with the two persons so nominated or appointed; and the decision of any two of the three persons so to be chosen, whether as to the value of the said house or as to the amount of such rent, shall in all cases be final and conclusive. And in every case of renewal the rent to be reserved during the further term to be thereby granted, if not settled by mutual agreement, shall be ascertained upon the principle and in the manner following, that is to say: The said lot of ground shall be considered as vacant and unimproved, and, as such, its then full and fair value on a sale thereof in fee simple by private contract shall be estimated by the appraisers, and four per cent. on such estimated value of the said lot shall be the annual rent to be reserved in the new lease during the further term to be thereby granted, except for the second and third terms, the annual rent for which, if not agreed upon by the parties, shall be five per cent. on the estimated value of the said lot, to be reserved in the new leases for the said second and third terms. And it is further agreed that the persons to be

so chosen to ascertain the value of such, and to determine on the said rent for the next ensuing term, shall in all cases be sworn to act therein faithfully and impartially; and their award or decision shall be made in writing and by duplicate, one part thereof to be delivered to the party of the first part, his successors or assigns, and the other to the party of the second part, his executors, administrators, or assigns." A majority of the arbitrators, after due hearing upon all the evidence and arguments of counsel of the parties, decided and awarded $208 to be a fair and reasonable ground rent for the premises. The complaint avers that the amount has never been excepted to, and that plaintiff demanded the renewal lease, and that, "in pretended compliance therewith, said counsel for the defendants did furnish to counsel for plaintiff a proposed form of renewal lease, which omitted important covenants which were contained in Exhibits A and B, which covenants plaintiff, by her counsel, claimed should be left in the renewal lease, and also the defendants demanded from the plaintiff the sum of twelve dollars for preparing the same, although it was the duty of the defendants to prepare the same at their cost; that thereupon said proposed lease was, returned to the counsel for defendants, and such defects pointed out to him; that since last communication plaintiff has received a reply thereto, in which defendants decline to give any lease whatever, except at a different and much larger rent than as fixed by the arbitrators." The defendant Katherine T. Moore demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

E. Souther, for appellant.

J. M. Buckingham, (William C. Trull, of counsel,) for respondent.

DALY, C. J. The alleged defect in the complaint is that the written award or decision of the arbitrators (which is annexed to it) fails to show that they valued the lot upon the principles stated in the covenant, and that they calculated the required percentage upon a valuation of the lot as therein provided; also that the complaint fails to show their compliance with these requirements of the covenant, and does not allege in addition that they were sworn, and that their decision was delivered to the lessor, his heirs or assigns. There is nothing in the covenants of the lease which required the written decision of the arbitrators to be in any particular form, or to contain any matter except their decision. They were to determine what would be "a reasonable yearly rent," and their award need contain nothing more; and the plaintiff is not bound to set forth in his complaint a compliance by the arbitrators with the rule which is to govern their deliberations and control their decision. That rule simply requires them to estimate the full and fair value of the lot, and this requires the exercise of their judgment upon the evidence as to what is such full and fair value. There is no way of proving that the arbitrators exercised their judgment upon the evidence. It is to be presumed until such gross discrepancy between the award and the value is shown as to warrant a charge of bad faith or fraud. Matter that is not to be proved need not be alleged. To hold otherwise would compel plaintiff to prove that the rent as fixed by the arbitrators is "reasonable," and this could not be done without substituting the court for the tribunal agreed upon by the parties for the very purpose. No case cited by appellant holds otherwise. In Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250, the decision of

the arbitrators had not been obtained, and thus the measure of liability was not determined.

But generally, as to all objections to the form of the decision, and to the want of allegations that the arbitrators were sworn, and that they had complied with the covenants, and that a copy of the award had been served as required by the covenant, it is a sufficient answer that the complaint contains averments showing that failure to comply with these requirements, if there were such failure, was waived by the defendant, who proceeded to a pretended compliance with the award, and to tender a lease at the rental therein fixed. This shows that the award was received by her or communicated to her. It is manifest that, after this, treating the award as regular, and admitting a compliance with the covenant, the defendant cannot, after suit brought upon such admission and waiver, set up noncompliance with formal or other requisites. Service of a copy of the award may be waived. Gidley v. Gidley, 65 N. Y. 170. The failure to take the oath is a mere irregularity, (Howard v. Sexton, 4 N. Y. 157;) and generally every intendment is in favor of the award, (Butler v. Mayor, 1 Hill, 489; 1 Amer. & Eng. Enc. Law, 696.) Judgment and order appealed from affirmed, with costs. All concur.