(83 Misc. Rep. 450)

### EQUITABLE TRUST CO. OF NEW YORK v. KING.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

1. LANDLORD AND TENANT (§ 208\*)—LIABILITY FOR RENT—ASSIGNEE OF LEASE —CONSENT OF LESSOR.

Where the lessee's assignee executed and left with the landlord a copy of the lease with an indorsement thereon of the lessee's assignment and his acceptance of such assignment and an assumption of all the covenants "in consideration of the approval of said assignment by the landlord," and the landlord sent the copy back to the assignee with a letter stating the inclosure of the document "with our consent to such assignment indorsed thereon," and the assignee made no objection, thereto, there was such consent of the landlord as to hold the assignee for the rent under the original lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.\*]

2. JUDGMENT (§ 725*)—RES JUDICATA—LANDLORD AND TENANT.

> A final order obtained by a landlord in summary proceedings, removing a tenant and another as undertenant from the premises, was conclusive upon the existence of the relation of landlord and tenant in the landlord's subsequent action against the tenant for rent.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1255–1257; Dec. Dig. § 725.*]

3. LANDLORD AND TENANT (§ 296*)—SUMMARY PROCEEDINGS—JURISDICTION.

> That the tenant is not in possession of the premises at the time of the institution of summary proceedings to dispossess him will not deprive the court of jurisdiction where the tenant claims possession.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275, 1283; Dec. Dig. § 296.*]

Appeal from City Court of New York, Trial Term.

Action by the Equitable Trust Company of New York, as executor and trustee under the will of Josephine B. Chambers, deceased, against John F. King. From judgment for defendant, plaintiff appeals. Reversed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Spencer, Ordway & Wierum, of New York City (Otto C. Wierum, Jr., of New York City, of counsel), for appellant.

Morris Jacobs, of New York City (Louis Kunen, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff, as successor by merger of the Trust Company of America, sues defendant for rent under a lease made by the latter as executor of a certain party, deceased.

Defendant's contention is:

First, that the plaintiff is without capacity to sue, the rights of the Trust Company of America not having devolved upon it by the merger, which contention I regard as without merit, as I am unable to distinguish upon the ground urged by the defendant the case of Matter of Bergdorf, 206 N. Y. 309, 99 N. E. 714. See, also, Bank of Long Island v. Young, 101 App. Div. 88, 91 N. Y. Supp. 849.

[1] Second, that upon the evidence it was not shown that defendant had assumed the covenant to pay rent under the lease which had been originally made to one Seacombe. Although there was some controversy whether defendant entered into possession as the assignee of Seacombe or as subtenant of the latter with the consent of the Trust Company of America, it seems to me that that controversy must be resolved in plaintiff's favor on the undisputed evidence that defendant executed and left with that company some time between March 28th and April 3d a copy of the lease with Seacombe's assignment thereof to him indorsed thereon and his own acceptance of said assignment and assumption of all the covenants "in consideration of the approval of said assignment by the landlord." On May 7, 1912, the Trust Company wrote to defendant:

> "We beg to inclose herewith sublease of Charles M. Seacombe, together with copy of our lease to Seacombe, duly assigned to you, with our consent to such assignment indorsed thereon."

---

Why the sublease was left with the Trust Company, or why it returned the same, seems to be quite immaterial, since this letter, with its inclosures, indicates the company's unequivocal consent to the assignment, and defendant made no further objection thereto or comment thereon.

[2] However that may be, plaintiff introduced in evidence the record of certain summary proceedings instituted in December, 1912, against defendant as tenant and another party as undertenant, wherein a final order was made removing them from the premises. This order is, upon the authority of Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607, conclusive upon the existence of the relation of landlord and tenant as between the Trust Company and the defendant.

[3] In reply to this manifest conclusion, defendant-appellant urges that, since from the present record it appears that defendant was at the time of the institution of these summary proceedings not "in possession of the premises, the court was without jurisdiction to entertain the proceedings," citing Warrin v. Haverty, 149 App. Div. 564, 567, 133 N. Y. Supp. 959, 962. While it is true that in that case the expression is used that the court was "without jurisdiction" because "the tenant was not in possession," it is evident that that phraseology is employed only in connection with the circumstances of the case and in a proceeding where the defendant actually opposed the issue of the order on the ground that it was not in possession. The Appellate Division says that the court was without jurisdiction to make the order, and further says that it is essential to the jurisdiction of the court to entertain a summary proceeding and to make a final order therein that the tenant should be in possession, citing Brown v. Mayor, 66 N. Y. 385, 391. In that case the Court of Appeals said:

"It is said that these proceedings can only be instituted against a party in possession or claiming possession of the demised premises."

This is undoubtedly so. It is quite clear that the word "jurisdiction" was not used, in the Warrin Case, in its technical sense; and that the final order in the case under review precluded defendant-appellant from thereafter contesting his tenancy.

Judgment reversed, with costs, and judgment directed for the plaintiff, with costs. All concur.