G. ALBERT ZIMMERMANN, etc., Landlord, Plaintiff, *v.* PAUL J. BONWIT, Tenant; OUGHT HOLDING CORPORATION, Assignee of Tenant; WILLIAM REUTER, INC., and Others, Under-Tenants, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, March 7, 1927.

Summary proceedings to dispossess — non-payment of rent — lease is for twenty-one years with provision for two further renewals of same term each, but recited nothing with regard to assignment — tenant assigned lease· before expiration of original term and declined to renew — assignee renewed lease and occupied premises, paying increased rent recited in renewal term — tenant was released from all liability and is not proper party to proceeding for rent of renewed term — assignee may not question increased rent where it has paid two months' rent without protest — assignee is liable for taxes and assessments during renewed term where lease stipulates tenant or his assignees would be liable thereon — words " payable quarterly " used in describing former lease, have no reference to lease herein.

In summary proceedings for the non-payment of rent, under a lease for twenty-one years, with provisions for two further renewals of twenty-one years each, and with no provision as to assignment, the assignment of said lease, before the expiration of the original term, and the further fact that while the tenant declined to renew, the assignee elected to renew and remained in possession and paid the increased rent demanded for the renewal term, released the tenant from all liability under the lease, or a renewal thereof, and, therefore, he is not a proper party to this proceeding for non-payment of rent for the renewal term.

The assignee, having paid the increased rent as determined by an arbitration, with knowledge of the facts, and without protest, for two months of the renewed term, is not in a position to question the amount of the increased rent or the method by which it was fixed and determined.

Moreover, the assignee is liable for the payment of taxes and assessments during the renewed term, where the lease, after providing for the payment of taxes and assessments by the tenant or his assignee, recited that in the event of default in payment, the tenant would pay, as an added rental, a sum equal to the amount thereof with interest, and then permitted two renewals for the further term of twenty-one years each but made no provision that the renewal should be on the same terms.

The words " payable quarterly," used in describing the former lease between the landlord's assignor and the owners of the premises, had no reference to the lease herein or a renewal thereof, requiring the payment of the rent in advance from the first of each month.

SUMMARY proceeding to dispossess for non-payment of rent.

*Amend & Amend* [*John E. Donnelly* and *Myles B. Amend* of counsel], for the plaintiff.

*Paskus, Gordon & Hyman* [*William S. Gordon* and *Martin Paskus* of counsel], for the defendant.

*Daniel Loewenthal*, for the assignee of tenant.

*Masten & Nichols* [*Hastings S. Morse* of counsel], for Thomas G. Plant Company, under-tenant.

GENUNG, J. This is a summary proceeding for non-payment of rent in the sum of $7,625 for the months of December, 1926, and January, 1927, and taxes in the sum of $7,791.25, on the premises known as No. 32 and No. 34 West Thirty-fourth street, borough of Manhattan. The tenant, Paul J. Bonwit, denies that he is a proper party in this proceeding and demands that the petition be dismissed as to him. The assignee of the tenant, Ought Holding Corporation, admits the non-payment of the rent and taxes, and that it continues in the possession of the premises, but denies that it is liable for the payment of the rent in the amount demanded, and the taxes during the renewal term, and that the rent is payable on the first of the month in advance, and demands that the petition be dismissed as to it.

On May 31, 1905, the owners of the premises known as No. 32 and No. 34 West Thirty-fourth street, borough of Manhattan, made leases of said premises with one Jonas G. Goldsmith for the term of twenty-one years from the 1st day of October, 1905, with covenants for the payment of all assessments and taxes, and with covenants for a first renewal and a second renewal of twenty-one years each, and with no covenants with reference to an assignment thereof. On July 27, 1905, the said Jonas G. Goldsmith

made a lease of the said premises with one Paul J. Bonwit for the term of twenty years and one month from the 1st day of September, 1906, for the yearly rental of $32,000 payable in equal monthly installments in advance on the first day of each and every month, with the same covenants as to the payment of all assessments and taxes, and with covenants for a first renewal and a second renewal of twenty-one years each, and without any covenant with reference to the assignment thereof. Thereafter the said Jonas G. Goldsmith assigned to the landlord herein, Sophia Zimmermann, these two leases. The said lease between Jonas G. Goldsmith and Paul J. Bonwit was assigned by various mesne assignments to the Ought Holding Corporation, which acquired the lease of the said premises in September, 1926, and entered into possession prior to October 1, 1926, and continues in possession thereof.

On July 28, 1926, the landlord herein made inquiry of the said tenant, Bonwit, as to whether or not he desired a renewal of the lease, and was advised that he did not desire a renewal of the lease. Thereafter, on September 10, 1926, the Ought Holding Corporation, by Ernest Tribelhorn, president, notified the landlord herein that, in accordance with the terms of said lease, it did exercise the right to a renewal thereof for a further term of twenty-one years from October 1, 1926, at the rent reserved in the said lease plus any advance therein as the landlord herein may be obliged to pay under the terms of the leases made by the owners of the premises with the said Jonas G. Goldsmith. . The rent for the month of September, 1926, in the sum of $2,666.67, was paid by the said Ernest Tribelhorn and a receipt was issued to the Ought Holding Corporation. The increased rent for the months of October and November, 1926, in the sum of $3,812.50, was paid by the said Ernest Tribelhorn for the Ought Holding Corporation. It is not disputed that on the 1st day of November, 1926, there became due and payable to the city of New York for taxes levied and assessed against the said premises for the second half of the year 1926 the sum of $7,791.25, and that the tenant, Bonwit, and the assignee, Ought Holding Corporation, have not paid said taxes after default in the payment of the same. It appears that the three days' notice in writing, requiring in the alternative the payment of the rent and taxes, or the possession of the premises, was properly served as required by statute.

It is claimed that the tenant, Bonwit, is not a proper party to this summary proceeding, for the reason that he is not in possession, and does not claim possession, of the premises. (*Brown* v. *Mayor*, etc., 66 N. Y. 385; *Equitable Trust Co.* v. *King*, 83 Misc. 450;

*Warrin* v. *Haverty*, 149 App. Div. 564; *Lesster* v. *Ferber*, 176 N. Y. Supp. 21; *Rodack* v. *New Moon Theatre*, 121 Misc. 63; 3 Fiero Particular Actions & Proceedings, 3132.) During the term of the lease and after the assignment, the tenant, Bonwit, remained liable for the rent, unless released by the landlord, by virtue of privity of contract, and the assignee became liable for the rent, by virtue of the privity of estate, so long as it remained in possession of the premises, but it could have terminated the liability at any time during the term by assigning the lease and leaving the premises. (*Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197; *Mann* v. *Munch Brewery*, 225 id. 189.) In the event of a default in the payment of rent, the landlord could pursue his remedy against both the tenant and the assignee at the same time, though, of course, he could have but one satisfaction. (McAdam Landl. & Ten. [3d ed.] 796; *Durand* v. *Curtis*, 57 N. Y. 7.) After the expiration of the term of the lease, the landlord, by accepting the rent at the increased rate from the assignee, Ought Holding Corporation, for the months of October and November, 1926, extinguished the privity of contract with the tenant, Bonwit, and created the privity of contract, as well as the privity of estate, with the assignee, Ought Holding Corporation. From the mutual action of the parties, the one remaining in possession and paying the increased rent and the other consenting thereto by accepting the rent, a contract arose by implication of law binding upon both, which renewed the lease for the further term of twenty-one years (*Probst* v. *Rochester Steam Laundry Co.*, 171 N. Y. 584), and terminated the liability of the tenant, Bonwit, and released him from any claim for rent under the lease, or any renewal thereof. It is clear, therefore, that the tenant, Bonwit, is not a proper party to this summary proceeding and that as to him the petition must be dismissed.

It is claimed that the rent for the renewal period was not fixed in accordance with the provisions of the leases between the owners of the premises and Goldsmith and, therefore, the tenant, Bonwit, or the assignee, Ought Holding Corporation, are not liable for the amount of the rent demanded. The tenant, Bonwit, or the assignee, Ought Holding Corporation, cannot question the increased rent under the renewal clause; *first*, because it is covenanted in the lease to pay it; *secondly*, because the increased rent was paid by the assignee for two months of the renewal period, without question or protest of any kind as to the amount thereof and was recognized as an increased rent pursuant to the terms of the lease. The appraisement was binding on the landlord herein and her lessors (*Green* v. *Miller*, 6 Johns. 39; *Brazill* v. *Earle*, 12 N. Y. 9;

*N. Y. Lumber & W. W. Co.* v. *Schnieder*, 119 id. 475, 481), and was made binding on the tenant, or his assignee, by the terms of the lease herein. The tenant, or his assignee, having accepted the benefits and made payments under the appraisement, is now precluded from questioning it. (*Viele* v. *Troy, etc., R. R. Co.*, 20 N. Y. 184; *Burhans* v. *Union Free School District*, 24 App. Div. 429; *Terry* v. *Moore*, 3 Misc. 285.) It appears from the letter transmitting the increased rent for the month of October, 1926, that the assignee, Ought Holding Corporation, had knowledge of the advanced rent and the provisions of the lease with reference to it; and it clearly appears from the letter transmitting the rent for the month of November, 1926, also at the advanced rate, that the only objection raised was to the failure of the landlord to grant a renewal lease, so the assignee could dispose of it to a prospective purchaser before the end of the month of November, 1926. Under these circumstances the tenant, or the assignee, Ought Holding Corporation, cannot be heard to question the advanced rent for the renewal term or to object to the method by which it was fixed and determined.

But it is also claimed that the tenant, or the assignee, is not liable for the payment of taxes during the renewal period, in the absence of a provision in the renewal clause that in addition to the new terms stated, the lease was to be renewed upon the same or like terms as the original lease. (*Willis* v. *Astor*, 4 Edw. Ch. 594, citing Chancellor KENT in *Rutgers* v. *Hunter*, 6 Johns. Ch. 215.) In that case, although an old lease contained a provision that the tenant should pay taxes and assessments, yet, as the lessor merely covenanted to make a new lease at a given rent and said nothing about covenants, it was held that he must give such new lease, exclusive of a covenant, on the part of the tenant, to pay taxes and assessments. That decision was based on the distinction between the necessary and accidental covenants of a lease, the necessary covenants being the term and the rent, and all other covenants being accidental, and on the holding of Chancellor KENT, " that covenants are the accidental and not the necessary parts of a lease; that a covenant even to renew a lease does not necessarily imply a lease with all the covenants in the former." The decision of Chancellor KENT, however, in *Rutgers* v. *Hunter* (*supra*) decides quite the contrary to that for which it is cited. There the plaintiff leased to the defendant a lot of ground for twenty-one years at a certain yearly rental, payable quarterly, *with all the taxes*, etc. The defendant covenanted to build, within two years of the date of the lease, a good brick dwelling house on the lot. The plaintiff covenanted that, at the

expiration of the term of the lease, he would either pay the value of said building or would renew said lease at such rent and on such terms as might be agreed upon by the parties. When the term ended, the defendant demanded payment for his building and refused to negotiate as to the terms of a renewal lease. The plaintiff tendered him a lease for the further term of twenty-one years at the same yearly rental *with all the taxes*, etc., but the defendant refused to accept the same or execute the counterpart. In an action for specific performance brought by the plaintiff, defendant contended that the lease was void for uncertainty of its terms. Chancellor Kent held that the defendant was obliged to accept the lease tendered by the plaintiff. In the present lease there is a covenant, by which the tenant, for himself and his executors, administrators and assigns, agrees to pay and discharge when due and payable all assessments and taxes, and in the event of failure to pay the same, the lessor may pay the same, and the tenant, for himself, his heirs, executors, administrators or assigns, agrees to pay *as additional and further rent* for said demised premises, on the day for the payment of rent next after the time of such payment, a sum equal to the amount which shall have been so paid together with interest. It would seem that such a covenant to pay taxes is as essential a covenant as that to pay rent, and that such a covenant would be carried into the renewal period. (*Piggot* v. *Mason*, 1 Paige, 412; *Mattlage* v. *McGuire*, 59 Misc. 28; *Hoff* v. *Royal Metal Furniture Company*, 117 App. Div. 884; affd., 189 N. Y. 555; McAdam Landl. & Ten. [3d ed.] 519.)

There is a further claim that the words " *payable quarterly*," appearing in the covenant of the lease herein providing for the renewal thereof, relate to the payment of rent by the tenant or assignee of the lease herein during the renewal term, and that this summary proceeding, alleging the rent is due and payable on the first of the month in advance, is not maintainable. There is no basis in fact or reason, under any canon of construction, for such a claim. The words " *payable quarterly* " are descriptive of the lease between the owners of the premises and Jonas G. Goldsmith, and relate to the payment of rent in that lease, in which the rent was expressly payable " in equal quarter yearly payments, to wit: on the first days of August, November, February and May, in each and every of said years."

It follows that the landlord is entitled to a final order, awarding possession of the within described premises, for non-payment of the rent, including the taxes, as demanded, against the assignee, Ought Holding Corporation, and the under-tenants. Five days' stay.