23-1103-cv
*Zarour v. Pac. Indem. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges*.

---

SIMON ZAROUR, LORI ZAROUR,
Husband and Wife,

> *Plaintiffs-Appellants*,

v.                                                          23-1103-cv

PACIFIC INDEMNITY COMPANY,

> *Defendant-Appellee*,

CHUBB & SON INC.,

> *Defendant*.

---

FOR PLAINTIFFS-APPELLANTS:          Tomas Espinosa, Esq., North Bergen, New Jersey.

FOR DEFENDANT-APPELLEE:          Peter A. Ragone, John P. Foudy, Rosner Nocera & Ragone, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 30, 2023, is **AFFIRMED**.

Plaintiffs-Appellants Simon and Lori Zarour (the "Zarours") appeal from the district court's judgment confirming an insurance appraisal award against Defendant-Appellee Pacific Indemnity Company ("Pacific") and dismissing the action. The Zarours commenced this lawsuit against Pacific, their insurer, under New York law in connection with damage caused to their home by Superstorm Sandy in October 2012. The amended complaint alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith on the part of Pacific for its failure to cover damage caused to their home.

In June 2015, Pacific moved for summary judgment as to certain of the Zarours' claims, and to compel an insurance appraisal pursuant to the terms of the Zarours' insurance policy. In July 2015, the district court dismissed the Zarours' demands for consequential and punitive damages, as well as their claim for breach of the implied covenant, and also granted Pacific's motion for an appraisal, staying the case pending that appraisal. Following an initial appraisal in 2016 (the "2016 Appraisal"), the district court ordered a second appraisal in 2017 (the "2017 Order") on the issue of mold damage, which ultimately occurred in 2022 (the "2022 Appraisal"). The district court subsequently granted Pacific's motion to confirm the appraisal award in the total amount of $115,507, consisting of (1) the award issued by the appraisal panel in the amount of

2

$110,490.20 based on the 2016 Appraisal and (2) the award issued by the appraisal panel in the amount of $5,016.80 based on the 2022 Appraisal to cover the additional cost of mold damage to the home. *Zarour v. Pac. Indem. Co.*, No. 15 CIV. 2663 (JPC), 2023 WL 3728346, at *8 (S.D.N.Y. May 30, 2023). After confirming the appraisal awards, the district court dismissed the case.

On appeal, the Zarours argue that the district court erred in confirming the 2022 Appraisal award for mold damage because: (1) the disparity between the appraisal award and the Zarours' appraiser's estimate raises an inference of bias or bad faith; (2) the appraisal panel did not properly investigate the presence of mold as instructed in the 2017 Order; and (3) the district court did not provide the Zarours with an opportunity to contest the appraisal award in a factual hearing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The parties do not dispute that New York law applies to this diversity action. We review the district court's interpretation of New York law in confirming an insurance appraisal award *de novo*. *Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 199 (2d Cir. 2012). In so doing, "it is our job to predict how the New York Court of Appeals would decide the issues before us." *Id.* at 200 (alteration adopted) (citation omitted). If the New York Court of Appeals has not spoken on an issue, we "carefully . . . predict how [it] would resolve the uncertainty or ambiguity" in light of decisions of New York's lower courts and other relevant case authority. *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997) (citations omitted).

New York law allows courts to order an appraisal to "determine the actual cash value, the replacement cost, the extent of the loss or damage and the amount of the loss or damage which shall be determined as specified in the policy" and provides that the appraisal "shall proceed

3

pursuant to the terms of the applicable appraisal clause of the insurance policy and not as an arbitration." N.Y. Ins. Law § 3408(c). "An appraisal determination should be upheld in the absence of fraud, bias or bad faith." *Liberty Fabrics, Inc. v. Corp. Props. Assocs. 5*, 636 N.Y.S.2d 781, 781 (N.Y. App. Div. 1996); *see also Forbes v. Cendant Corp.*, 205 F.3d 1322, 2000 WL 232069 (Table), at *2 (2d Cir. 2000) (summary order) (allowing challenge to enforcement of appraisal "only so far as the appraisal was the product of 'fraud, bias or bad faith'" (quoting *Liberty Fabrics*, 636 N.Y.S.2d at 781)). The Appellate Division has further specified that, in order to set aside an appraisal, such a showing must be made by "clear and convincing" evidence. *Cohen v. Atlas Assurance Co.*, 148 N.Y.S. 563, 386 (N.Y. App. Div. 1914).

The Zarours provided no evidence—let alone clear and convincing evidence—that the 2022 Appraisal was the result of fraud, bias, or bad faith. Instead, their primary argument appears to be that the disparity between the appraisal award of $5,016.80 for mold damage and the Zarours' appraiser's estimate of $731,317.03 "leads to a conclusion that the signed appraisal must have been a product of bias, corruption or partiality." Appellants' Br. at 24. In making this speculative argument, they rely solely on *Nemo Tile Co. v. 260 Park Ave. S., LLC*, 851 N.Y.S.2d 71 (Table), 2007 WL 4117610, at *4 (N.Y. Sup. Ct. Oct. 17, 2007), in which a New York court held that a final arbitration award that included an appraisal of $7 million, "approximately at the mid-point between petitioner's appraisal of $3,375,000 and the respondent's appraisal of $9,300,000," "was not 'enormously disproportioned' and does not lead to the conclusion that it was the product of corruption or partiality by the arbitrators." *Id.* (quoting *Viele v. Troy & Bos. R.R. Co.*, 21 Barb. 381, 396 (N.Y. Gen. Term. 1855), *aff'd*, 20 N.Y. 184 (1859)). However, *Nemo Tile* concerned an *arbitration* based on an appraisal rather than the appraisal itself. The case (and its cited authority)

4

provides an insufficient basis to predict that the New York courts would extend a rule regarding "enormous disproportionality" with respect to appraisals in the context of arbitration awards to challenges to a standalone insurance appraisal.

In any event, even assuming *arguendo* that this standard applies here, *Nemo Tile* provides that the final award may be set aside if the appraisal utilized for calculating damages is "enormously disproportioned *to the case proved*," *id.* (emphasis added) (citation omitted), and not merely in relation to one appraiser's estimate. As the district court noted, allowing the disparity with an appraiser's estimate, as opposed to the case proved, to serve as a basis for rejecting a final appraisal award "would create perverse incentives for the party opposing the appraisal in the first place." *Zarour*, 2023 WL 3728346, at *6. In particular, "[t]hat party could simply select an appraiser that would generate a vastly inflated or deflated appraisal value that the other appraiser could not possibly agree with, leading to the rejection of any reasonable appraisal valuation." *Id.*

Here, the Zarours retained as their appraiser an architect who was not a certified appraiser, and his estimate of mold damage (1) was based on the assumption that mold was present rather than an actual investigation for mold, (2) initially included both damage from mold and wind-driven rain but did not change when the district court limited the scope of the 2022 Appraisal to mold alone, and (3) ultimately appears to have been based on an estimate generated by Simon Zarour himself. *Id.* at *5–6 & n.4. Thus, given the weaknesses in the Zarours' appraisal, its rejection does not provide clear and convincing evidence of "fraud, bias or bad faith." *Liberty Fabrics*, 636 N.Y.S.2d at 781. Indeed, any rational inference of bias or bad faith is further undermined by the fact that the neutral umpire, independently of the parties, hired a mold specialist to assist in reviewing the parties' submissions. In short, even if we applied a disproportionality

5

standard, we would be unpersuaded that the architect's estimate constitutes proof sufficient to overturn the insurance appraisal in this case because that estimate does not represent "the case proved."

The Zarours also argue that the appraisal panel did not properly investigate the mold condition as instructed in the 2017 Order. However, they provide no basis for us to conclude that the appraisal panel failed to follow the procedures set forth in their insurance policy, in violation of N.Y. Ins. Law § 3408. Instead, the Zarours and Pacific each selected an appraiser. The appraisers in turn selected an umpire, each provided their conclusion as to the loss amount, and, following their disagreement as to the loss amount, submitted their differences to the umpire, at which point the final amount was determined, pursuant to the policy, based upon the agreement of the umpire and Pacific's appraiser. As the Zarours concede throughout their briefs on appeal, their challenge to the award solely concerns the methods the appraisers used, not their compliance with the procedure laid out in the policy. *See, e.g.*, Appellants' Br. at 2 (noting that "the crux of the opposition to [the appraisal's] findings and results is the factual issue . . . that it was defective both as to the scope and technical conduct[]"); *id.* at 22 (claiming that the appraisers' inspection methods are "a serious factual issue that challenged their compliance with the [2017 Order]"); *id.* at 25, 30.

Nor do the Zarours point to facts that support their assertion that the award did "[n]ot compl[y]" with the 2017 Order. *Id.* at 30. The 2017 Order required the "appraisal panel to reopen the appraisal to determine if, and to what extent, plaintiffs have suffered losses under the Policy due to mold damage," App'x at 54–55, which was precisely the subject of the 2022 Appraisal

6

based on the parties' extensive submissions to the panel.[1]  In the absence of any evidence of "fraud, bias or bad faith," *Liberty Fabrics*, 636 N.Y.S.2d at 781, or that the appraisers failed to follow the procedure laid out in the insurance policy, there is no basis to disturb the appraisal panel's valuation of the mold damage to the Zarours' home.  *See Penn Cent. Corp. v. Consol. Rail Corp. (In re Penn Cent. Corp.)*, 436 N.E.2d 512, 518 (N.Y. 1982) (concluding "when, as here, the only dispute between the parties concerns a question of valuation which they have agreed to submit to a panel of appraisers for a nonjudicial and expeditious determination[,] there is no reason why the award should not be confirmed"); *see also Olympia & York 2 Broadway Co. v. Produce Exch. Realty Tr.*, 462 N.Y.S.2d 456, 458 (N.Y. App. Div. 1983) ("Appraisers are not limited to a single method of valuation unless the [contract] provides otherwise.").

Finally, the Zarours' argument that the district court did not provide them with an opportunity to contest the appraisal award in a factual hearing is similarly unavailing.  Nothing in New York caselaw or the Zarours' insurance policy granted them a right to re-litigate the appraisal award in a factual hearing before the district court; to the contrary, "reservation of these issues for future litigation would have rendered the appraisal meaningless." *Matter of Penn Cent. Corp.*, 436 N.E.2d at 516.  Although the Zarours assert that they were entitled to a factual hearing before the district court in this case because they predicated their acceptance of the 2017 Order on this possibility, their colloquy with the district court at that time does not support this conclusion.

---

[1]  To the extent the Zarours contend that the 2017 Order should have included damage other than mold, the district court found that this argument was forfeited because they failed to timely raise it in the district court. The district court did not abuse its discretion in reaching that conclusion. *Cf. Olin Corp. v. Am. Home Assurance Co.*, 704 F.3d 89, 98 (2d Cir. 2012); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999).

Instead, the district court more narrowly stated that the Zarours could raise legal challenges to the second appraisal. Moreover, as Pacific correctly notes, even assuming that the district court had ruled that the Zarours could challenge the award in a factual hearing, the district court was free to revise that decision "at any time before the entry of final judgment." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999) (quoting Fed. R. Civ. P. 54(b)). In any event, the Zarours fail to point to any additional evidence they would have presented at an evidentiary hearing to support their position. Thus, the absence of any such hearing regarding the appraisal process before the district court does not provide grounds to vacate the appraisal award.

In sum, the district court properly confirmed the appraisal award and dismissed the case.

\*                     \*                     \*

We have considered the Zarours' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court